IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH CONVERSE, | ) | CASE NO. 1:23-cv-00802 |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| -v- | ) | |
| | ) | **NOTICE OF REMOVAL** |
| CINEMARK USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cinemark USA, Inc. ("Defendant"), through the undersigned counsel, removes Case No. CV 23 976779 which is pending in the Cuyahoga County Court of Common Pleas. In support of this Notice of Removal, Defendant states as follows:

1. On March 20, 2023, Plaintiff Hannah Converse ("Plaintiff") commenced an action against Defendant Cinemark USA, Inc. in the Cuyahoga County Court of Common Pleas, titled *Hannah Converse v. Cinemark USA, Inc.*, Case No. CV 23 976779, by filing a Complaint (the "State Action"). Plaintiff's Complaint asserts claims of gender discrimination and retaliation under Ohio state laws. A copy of the Summons, Complaint and all state Court filings are attached as **Exhibit A,** as required by 28 U.S.C. § 1446(a).

2. Defendant was served with a copy of the Complaint in the State Action on or about March 27, 2023. No other process, pleadings, or orders have been served on Defendant in this action. Removal of this action is timely as Defendant filed this Notice of Removal within thirty (30) days of its receipt of the Summons and notice of the State Action. See 28 U.S.C. § 1446.

3. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a *Notice of Filing of Notice of Removal* with the Clerk of Court for the Cuyahoga County Court of Common Pleas.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and, therefore, may be removed to this Court under 28 U.S. C. § 1441(a)-(b).

5. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that: (1) the parties on each side of the case are citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1).

6. By her own allegations in the Complaint, Plaintiff is a citizen of the State of Ohio. (Complaint, ¶ 1.)

7. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

8. Defendant is a foreign corporation organized under the laws of the State of Texas and has its principal place of business in Plano, Texas and, therefore, is a citizen of Texas. 29 U.S.C. § 1332(c)(1).

9. Complete diversity therefore exists between Plaintiff and Defendant under 28 U.S.C. § 1332, as Plaintiff and Defendant are not citizens of the same state.

10. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B). A defendant seeking removal need only show that, assuming the plaintiff proves his or her claims, the amount in controversy

"more likely than not" exceeds $75,000. *See, e.g., Everett v. Verizon Wireless,* 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation omitted).

11. When determining the amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered. *See Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). In her prayer for relief, Plaintiff indicates that she seeks an award of damages against Defendant to compensate back pay, front pay, and other consequential damages in excess of $50,000, punitive damages in excess of $25,000, an award of attorneys' fees and the costs and expenses for this action, and such other and further relief as may be found appropriate and as the Court may deem just or equitable. *See* Complaint, at Prayer for Relief.

12. Although Defendant opposes Plaintiff's stated damages, aggregating the damages alleged ensures that the amount in controversy more likely than not exceeds $75,000.

13. Without making any admission as to the merits or lack thereof of Plaintiff's claimed damages, based on the prayer for relief contained in Plaintiff's Complaint, Defendant believes in good faith that Plaintiff's alleged damages exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a). Plaintiff's Complaint, therefore, seeks more than $75,000 in damages from Defendant, which satisfies the amount in controversy under 28 U.S.C. § 1332(a).

14. Accordingly, this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

15. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391.

16. This action is not a non-removable action as described in 28 U.S.C. § 1445.

17. Promptly after the filing of this Notice of Removal, Defendant will serve written

notice of this removal on all parties and file a copy of this *Notice of Removal* with the Clerk of the Court of the Cuyahoga County Court of Common Pleas as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Cinemark USA, Inc. respectfully requests that the action pending against it in the Cuyahoga County Court of Common Pleas be removed therefrom to this Court.

Respectfully submitted,

*/s/ Ellen Toth*
Ellen Toth (0056176)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
ellen.toth@ogletree.com

Jantzen D. Mace (0099005)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
20 S. Third Street, Suite 210
Columbus, Ohio 43215
614-494-0420
614-633-1455 (FAX)
Email jantzen.mace@ogletree.com

*Attorneys for Defendant*
*Cinemark USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, a copy of the foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy of this *Notice* was also sent via email to counsel as follows:

Peter C. Mapley
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, #370
Cleveland, Ohio 4114
mapley@swmlaw.com

*Attorney for Plaintiff*

*/s/Ellen Toth*
Ellen Toth (0056176)

*Attorney for Defendant
Cinemark USA, Inc.*

55780257.v1-OGLETREE